Good morning, Ms. Helman. Good morning. May it please the Court, my name is Christina Helman for the petitioner Robert Dietrich. This case boils down to one question. Was Mr. Dietrich's petition for review timely filed? That question has already been answered yes by the Oregon Supreme Court. Once we know that that answer is yes, it is a straightforward application of law to reach the conclusion that his federal petition was also timely filed. They answered it yes. They answered it yes. I thought they said it's untimely, but they'll give him permission to file it untimely. No, Your Honor, I don't believe that's correct. On Excerpt of Record 147, they allowed him to file a late petition, but they gave him 35 days. When he filed within the amount of time that they permitted, that makes his filing timely. Right. Once they filed their motion, once he filed a motion and they accepted it, he then filed within the period they permitted. That's correct, Your Honor. But isn't it a question of federal law? What is the impact of the period of more than a year on which he had no appeal pending? It is absolutely a question of federal law. However, to determine whether something remains pending requires an examination of the state court timeliness rules. And we know that because Stafford says that as long as the appeals are done timely, the case remains pending. So wrapped up in the federal analysis of the term pending is a question of, under state court law, was this filing timely? If I can go back to Judge Silverman's question and correct me if I'm wrong here. What I thought was that he didn't initially file a timely appeal in the petition for review in the time where it's always permitted. But he filed a late motion asking for leave to file his petition, and they permitted that. So I'm not understanding how their permitting that is a declaration by them that his appeal is timely. It is true that he did not file his petition within 35 days from the court of appeals decision. However, in Oregon, the petition for review, unlike a notice of appeal, that period may be extended by the court. And so when the court considered this motion, granted it, and gave him 35 days, and then he files on time, that means that the case is timely. They didn't grant something before he filed his motion, right? It was after. That is correct, Your Honor. So just so I understand your position, let's assume he had waited 10 years to file a petition, a motion for leave, to file a late petition for review. And the Oregon State Supreme Court grants the motion and says, yeah, we'll take a look at it. And then he files within the period they subsequently allow. Would that still be timely file under your theory? Yes, Your Honor, it would be. But I also think that underlying all of habeas law is the notion that the state courts is a comedy and federalism notion, that the state courts are equal partners and manage their docket. And I think it would be highly unlikely that the Oregon Supreme Court would allow him to go 10 years without some kind of explanation, as was in this case. He detailed out the reasons why his case was not filed within that 35 days, namely his attorney completely abandoned him, and he was left to eventually and diligently write to the Court of Appeals, ask for the docket, see that nothing had happened, make this motion. The other thing that I think is important is that he did not just file a petition for review, which was then summarily denied. He asked and they said, yes, that's okay. We find this to be okay. Here's the amount of time you have. And under these specific and unique circumstances, the filing was timely and the case was pending. Let's assume that that pathway is not available to you. The other pathway you potentially have is equitable tolling. That is correct. Tell us why the period April 8, 1999, that's when the Oregon Court of Appeals made their final judgment after the 35-day period had ended. Correct. And May 17, 2000, when he filed this petition with the Oregon Supreme Court asking for a late filing, which was later, as you've explained, accepted. Why that more than one-year period of time should be included in the block of time that would be allowed in your equitable tolling? Why should that period be equitably tolled? I think we start with the Supreme Court's decision in pace, which explains the test for equitable tolling, diligence, and some kind of extraordinary circumstance that stood in his way. I think he meets both tests. He was diligent. Once he learned a period of time had gone by, he explains what he did, which involves writing to the court. He had called. His mother had called. The attorney never called back. He diligently tried to go through the steps. And then the extraordinary circumstances, he's an incarcerated person who is depending on this attorney. The attorney completely abandons him, unlike the other cases where the attorney either files it but files it late or doesn't read the rules. This is just a complete abandonment. And so I think that that's why he meets the Supreme Court's test. And additionally, the Evans v. Chavez case does also support this because in Evans one of the most important things the Supreme Court found was that the six months were completely unexplained. Evans had given reasons for everything else. Chavez, excuse me, had given reasons for all the other time. But that six months was lingering out there with no explanation. And in contrast, in Excerpt of Record 143, his motion, he explains the entire period of time as to what. Was there an evidentiary hearing in district court? In the federal district court? Yes. No. So there was no evidentiary examination of what the lawyer did or didn't do, that sort of thing? No, Your Honor. As I recall, that was requested and denied. Did the lawyer come forward with any kind of declaration or affidavit? The attorney who had represented him and then stopped? Right. No, the only thing we have in the record are two letters from him saying that it would be perfectly fine with him if the client was able to file a petition for review. Well, that's nice of him.  Do we have enough to rule on the record now that you're entitled to equitable tolling? What are you asking for? First, I'm asking for you to find that as a matter of he meets the test for statutory tolling. If that's not available, then I do believe there's enough on the record for equitable tolling. But in the alternative, we would like a remand for an evidentiary hearing. I guess what I'm asking you is, were your factual allegations contested at all about what happened with the lawyer? Could you repeat that, Your Honor? Were the factual allegations you made about the lawyer dropping the ball, were they contested in any way? No. I believe that the State's position was that it was not enough. Did the opening brief raise the issue of the evidentiary hearing? It's been a while since I read it. Your Honor, I don't recall that right off the bat, but I'd be happy to look at that while my opponent, and I would like to reserve the remainder of the time if there are no further questions. Thank you. Thank you. Counsel? Mr. Smith? May it please the Court, Counsel, my name is Paul Smith. I'm an Assistant Attorney General with the State of Oregon Department of Justice representing the appellee in this case. Members of the Court, unless Petitioner is entitled to some type of tolling of the ADEPA statute of limitations, there's no dispute that his federal habeas corpus petition was filed untimely. He's not entitled to statutory tolling for this approximately one-year period of time between the issuance of the Oregon Court of Appeals Appellate Judgment and when he filed the motion for a late petition for review because he had no properly filed or pending state post-conviction relief petition at that time. Let's assume that for the purpose of this question, I don't ask you to concede the fact that I just folded into my question. Let's assume that on January 22, 1999, when the Oregon Court of Appeals denied, entered its denial, that's when the 35-day time clock started to run? Yes, Your Honor. That from that point until the 17th of May, 2000, that this individual did not know that the Oregon, despite his efforts to learn, did not know that the Oregon Court of Appeals had ruled on his case. If those facts were established, I don't ask you to concede that they have been, but if they were, would he be entitled to equitable tolling for that period of time? No, Your Honor, he would not. Tell us why. And the reason is because, as counsel points out, the Supreme Court in Pace set forth the standards and they are diligently pursuing your state court remedies and it has to be an extraordinary circumstance. Here, there's no indication, excuse me, you have to be diligently pursuing your federal habeas remedies at this time. You're sitting in prison. You're represented by counsel. You know that if you go to federal court before the Oregon courts are done with their collateral review, that you're not going to be allowed to enter the gate to federal court, right? But you do not know that the Oregon courts have finally acted and when you do learn, this is, again, part of my hypothetical, when you do learn, you promptly ask for relief. And, Your Honor, I think that's a... Well, I think there are a couple of questions there. First, I think the Supreme Court in Pace specifically considered a possibility like this when it said, if you're unsure about whether or not the federal statute of limitations is taking at that time, you can always file a protective federal habeas corpus petition in which you explain to the district court, I don't know if my state collateral remedies action is currently proceeding and that's tolling the statute of limitations. Why should he do that? He's got a lawyer who's handling the case for him. Why should he do that? Well, a couple of reasons, Your Honor. First of all, under Oregon state law, it is a state post-conviction petitioner's obligation, him or herself, to diligently shepherd his own case through the state PCR proceedings. There are Oregon state cases on point which indicate that that is his obligation and not his attorney's obligation. Additionally, this Court has held time and time again that attorney negligence, including failure to understand a statute of limitations, as is what happened in this case, is not an extraordinary circumstance. He says this isn't just negligence, that he didn't, the lawyer just didn't write down the wrong date. He completely abandoned me. He wouldn't return my calls. He wouldn't return my mother's calls. Couldn't get my file from him. This is more than just misreading the statute of limitations. He just disappeared from the face of the earth. Well, Your Honor, I would suggest that the evidence in the record on that point is certainly very thin. All we have is that there was no hearing. That's part of the reason. That's correct. There was no hearing, and as the Court pointed out, I don't believe that appellant raised that before, has raised that before this Court. And additionally, the. Does she need to? I mean, the record shows there was no evidentiary hearing, right? Correct. And so there's. And we can't ignore that, can we? I don't believe you can ignore what the record says or what it doesn't say. However, I think you can tell that in this case, it's not the type of extraordinary circumstance that this Court identified in Spitzen, where the petitioner's federal habeas corpus attorney, and that's one difference here. We're talking about a state PCR attorney's negligence versus the federal attorney's negligence. There in Spitzen, the attorney affirmatively stopped the petitioner from being able to file a pro se petition for habeas corpus or from hiring another attorney because the attorney refused or failed to acknowledge the petitioner's request to return the file to the petitioner. The petitioner really was stopped at the doorstep. Why did the Oregon Supreme Court allow the late filing? Your Honor, that's not clear from the record. All we do know is that. Well, you're a member of the Oregon Bar, right? Yes, Your Honor. What does the rule with respect to allowing a late filing say? What do you have to show in the state of Oregon to satisfy a court to allow a late filing, this type of thing? Well, Your Honor, there's not really any Oregon case law on the record. It's pretty much a matter within the discretion of the Oregon Supreme Court. And I think all we know. I suppose that Dietrich had come before the Oregon Supreme Court in May of 2000. I think that's when the petition was filed, right? Yes, Your Honor. He said, boy, I'd sure like to file a petition for review of the Oregon Court of Appeals decision. I have absolutely no excuse whatsoever for waiting this long to do it, but I've got a really interesting case, and I think you folks ought to hear it. Do you think that would be granted? Do I think it would be granted? I don't imagine it would, Your Honor, based on those. So you have to show something. And he had to show something. I would imagine so. However, we just don't know what the basis for the Oregon Supreme Court's decision was. I would suggest that as the U.S. Supreme Court in Kerry v. Sacco talked about, there are a lot of reasons why, in that instance, the California Supreme Court might elect to consider on the merits a clearly untimely filing. One of those was that they would want to give the petitioner the satisfaction, just purely the satisfaction of knowing that it wasn't purely a procedural bar that prevented him from being successful. Did your office interview the lawyer that supposedly dropped the ball here? That's not in the record, and I don't believe so. Is he still a member of the bar, as far as you know? You know, Your Honor, I don't know whether he's still a member of the bar. I believe that there is evidence in the record that the State Court Administrator's Office, who handles appointments of this sort, referred this matter to the bar. Okay. I would just conclude on the equitable tolling point by noting that this Court and the Supreme Court have noted time and time again that this is a very high standard, and it should only be used very rarely. As the Supreme Court in Pace said, one way in which petitioners can diligently pursue their rights is by filing protective petitions. Here I don't think there's any indication that Petitioner was diligently pursuing his Federal habeas corpus rights. In fact, he evidenced that he knew how to pursue his own rights. When he called up the Court on his own, albeit a year later, there's nothing to indicate that he could not have done this at some point sooner. Unless the Court has any other questions, I'll rely on my time. Thank you for your argument. Rebuttal? Thank you. I would like to make two or three points. First, very quickly, on page 26 in the conclusion, we specifically requested that if this Court does not find the record sufficient, please remand to conduct a hearing on evidentiary. Is it in the blue brief? In the blue brief at page 26 in the conclusion. So we did notice that. Why don't you tell us in three or four sentences what one has to show to get a late filing of this type before the Oregon Supreme Court and, if you know, what they found? In other words, why did they allow the late filing? What I do know is that in order to get a late filing before the Oregon Supreme Court, you would follow Rule of Appellate Procedure 7.252, which generally governs motions for extensions of time. And under that rule, you would articulate, you would, excuse me, you would describe the specific circumstances which caused the act not to be completed in the allotted time. So that would be what you would do. I do believe that this, under these facts, it was an implicit finding by the Supreme Court that these were extraordinary circumstances. I know that in the four-plus years I've practiced habeas law in this state, I've never seen the Oregon Supreme Court do something like this. So I think this was an extraordinary circumstance. My final point that I would like to make is that Respondent says, under Saffold, there are many reasons why a court would be silent on the timely issue. This is not California. And in that case, in Saffold and then also in Chavez, the problem was that there were no rules in California. And so in this case, I submit that the timeliness issue was directly before the court, and they made a finding on that. And I thank you for your consideration. Thank you for your argument. Thank both sides for your argument. Very interesting case submitted for decision.
judges: Hawkins, Silverman, Gould